# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE DEWAYNE FITZER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 18-283-RAW-KEW |
| RICK WHITTEN, Warden, | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 8) and Petitioner's motion for stay of proceedings (Dkt. 6). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction and sentence in Okmulgee County District Court Case No. CF-2015-25 for Domestic Assault and Battery, After Former Conviction of Two Felonies, raising the following grounds for relief:

I. Petitioner's 55-year sentence should be modified to remedy errors that occurred in the trial's sentencing stage.

II. The State of Oklahoma lacked jurisdiction to prosecute, because the Major Crimes Act gives the federal government exclusive jurisdiction to prosecute crimes against persons committed by Indians in Indian Country.[1]

---

[1] Petitioner alleged in his first post-conviction application that he is a registered member of the Choctaw Nation, his victim was a member of the Creek Nation, and the offense occurred within the Creek Indian Nation. (Dkt. 1-1 at 19-20). He further asserted his crime was an assault by an

III.     Petitioner was deprived of the effective assistance of counsel on appeal.

Respondent alleges the petition must be dismissed, because it is a "mixed" petition with two unexhausted claims. At the time of filing, only Ground I of the petition was exhausted through Petitioner's direct appeal in *Fitzer v. State*, No. F-2016-230 (Okla. Crim. App. Jan. 4, 2017) (unpublished) (Dkt. 1-1 at 14-15). Petitioner raised the remaining two claims in an application for post-conviction relief which was filed on December 14, 2017,[2] and denied on May 15, 2018. (Dkt. 1-1 at 36). When this habeas petition was filed on August 21, 2018, Petitioner's appeal of the post-conviction denial was pending in an appeal to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. PC-2018-695 (Dkt. 1-1 at 37).

At the direction of the Court, Petitioner advised that the OCCA declined jurisdiction of his post-conviction appeal and dismissed the attempted appeal for failure to file a timely notice of appeal. (Dkts. 14, 16). *See Fitzer v. State*, No. PC-2018-695 (Okla. Crim. App. Jan. 8, 2019) (unpublished) (Dkt. 16 at 4-8). The OCCA advised Petitioner that "[i]f he believes that through no fault of his own he has been denied his opportunity to appeal the order denying him post-conviction relief, then he may seek a recommendation from the District Court for an out-of-time post-conviction appeal in accordance with the procedures

---

Indian resulting in the serious bodily injury of another Indian under the Major Crimes Act, 18 U.S.C. § 1153(a). *Id.*

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

established under Rule 2.1(E)(3) of this Court's *Rules*." *Id.* at 7.

Petitioner further advised that on January 31, 2019, he filed in the state district court a second post-conviction application, requesting an appeal out of time. *Id*. at 2, 9-16. He alleged in the second post-conviction application that he was deprived of an appeal of his first post-conviction application through no fault of his own. *Id*. at12. He claims in the second application that his Notice of Intent to Appeal the state district court's denial of the first application was timely sent to the state court on May 22, 2018. *Id*. at 14. The Notice, however, was inexplicably not filed by the Okmulgee County District Court Clerk until June 11, 2018, twenty (20) days after it was given to the law library supervisor at his prison facility. *Id.* at 10-11.³ As stated above, Petitioner's attempted post-conviction appeal was declined, and his Petition in Error and brief were dismissed. *Id*. at 7.

Because the online docket sheet for Petitioner's state-court case indicated no activity after he filed his second post-conviction application, the Court directed Respondent to advise the Court of the status of the proceedings. (Dkt. 17). Respondent acknowledged not having filed a response to Petitioner's notice of his second post-conviction application, as directed by the Court (Dkt. 14), explaining the failure resulted from an unintentional docketing error (Dkt. 18 at 3 n.1). Respondent also advised that on August 16, 2019, the State of Oklahoma filed a response to Petitioner's second post-conviction application in the state district court.

---

³ The OCCA has rejected application of a "mailbox rule" for pro se prisoners. *Moore v. Gibson*, 27 P.3d 483, 488 (Okla. Crim. App. 2001).

(Dkt. 18-3.) The State's response indicated it had no objection to the state district court's recommending to the OCCA that Petitioner receive an appeal out of time, with the reservation of the State's right to otherwise object to any post-conviction relief. (Dkt. 18-3). As of the date of this Opinion and Order, the Okmulgee County District Court has not entered a ruling on the second post-conviction application.

Petitioner has requested that this Court enter a stay of these habeas proceedings to allow him time to exhaust his state court remedies. (Dkt. 6). Respondent objects to a stay during the pendency of Petitioner's state-court exhaustion proceedings, asserting Petitioner's unexhausted claims lack merit. (Dkt. 9 at 7).

A district court has four options when faced with a "mixed" petition containing both exhausted and unexhausted claims:

> (1) dismiss the mixed petition in its entirety, *Rhines v. Weber*, 544 U.S. 269, 273 (2005); (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275-76; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be

4

denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 267, 277 (2005).

Petitioner offers no explanation for his commencement of this habeas action while his first post-conviction appeal was pending. If Petitioner had waited to exhaust Grounds II and III of the petition, however, it appears the petition would have been untimely. He filed his first post-conviction application on December 14, 2017, more than eight months after his conviction became final on April 4, 2017. In addition, the more than six months his attempted post-conviction appeal was pending would not have tolled the limitation period of 28 U.S.C. § 2244(d). *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.4 (10th Cir.1998) (no tolling of the "time during which [the defendant] appealed the denial of his application for post-conviction relief because that appeal was untimely. [42 U.S.C. §] 2244(d)(2) requires a court to subtract time only for the period when the petitioner's 'properly filed' post-conviction application is being pursued."). If this mixed petition is dismissed, a subsequent petition could be barred by the statute of limitations imposed by § 2244(d).

For these reasons, the Court construes the habeas petition as a "protective petition," requesting this Court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)).

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. *Rhines*, 544 U.S. at 278. ("[I]f the petitioner had good cause for his

5

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory [litigation] tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

*Pace*, 544 U.S. at 416-17.

Although Respondent contends Petitioner's unexhausted claims in Grounds II and III are meritless, Respondent has not shown the basis for this conclusion. Therefore, the Court finds this action should be stayed pending the resolution of the second post-conviction proceedings. To keep the Court apprised of the progress of his post-conviction proceedings, Petitioner is directed to notify the Court within fourteen (14) days of the state district court's decision regarding his second post-conviction application.

**ACCORDINGLY**, Petitioner's motion for stay of proceedings (Dkt. 6) is GRANTED, and Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is DENIED. A STAY AND ABEYANCE of the proceedings is hereby entered. Petitioner is directed to notify the Court within fourteen (14) days after the state district court issues its decision for the second post-conviction application.

**IT IS SO ORDERED** this 29th day of August 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma