IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE DEWAYNE FITZER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. CIV 18-283-RAW-GLJ |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Plaintiff has filed a "renewed" motion for appointment of counsel, or alternatively, motion for leave to amend habeas petition with due process violation (Dkt. 52). He alleges that since the denial of his first motion for appointment of counsel on May 16, 2023 (Dkt. 51), the Northern District of Oklahoma issued its decision in *Graham v. White*, __ F. Supp. 3d __, No. 23-CV-0164-CVE-SH, 2023 WL 4141662 (N.D. Okla. June 26, 2023). Petitioner asserts the Northern District held that the Tulsa County District Court violated Graham's due process rights by reinstating her conviction after it was vacated pursuant to *Bosse v. State*, 383 P.3d 286 (Okla. Crim. App. 2021).

Respondent has filed a response to Plaintiff's motion, objecting to appointment of counsel or granting leave to amend (Dkt. 53), and Petitioner filed a reply (Dkt. 54). Petitioner states in his reply to Respondent's response to the motion that:

> "[a]fter careful deliberation Petitioner asserts that he does not need to amend his habeas petition in order to prevail with his *McGirt* claim. The habeas petition already contains the necessary *McGirt* claim. And now the OCCA has denied Petitioner relief under *Matloff v. Wallace*, after vacating his conviction and reinstating it, as was the case in *Graham*. Petitioner, therefore, does not need to amend his habeas petition with a new claim. . . .

(Dkt. 54 at 1-2). Because Petitioner no longer wants to amend his petition, his motion to amend the petition is DENIED AS MOOT.

Petitioner, however, alleges he should be appointed counsel, because the state district court's stay of its order vacating his convictions was illegal. *Id*. at 2. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of the factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes that Plaintiff appears capable of adequately presenting facts and arguments. Therefore, Petitioner renewed motion for appointment of counsel is DENIED.

**ACCORDINGLY,** Plaintiff's renewed motion for appointment of counsel, or alternatively, motion for leave to amend habeas petition with due process violation (Dkt. 52) is DENIED.

**IT IS SO ORDERED** this 27th day of March 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma